# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

ALEXZANDER GRODNEY,

       Plaintiff,

v.

COLLECTION MANAGEMENT SYSTEMS, CORP.,

       Defendant.

_____

**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ. AND JURY DEMAND**

_____

ALEXZANDER GRODNEY ("Plaintiff"), by and through Plaintiff's attorneys, brings this complaint to challenge the actions of COLLECTION MANAGEMENT SYSTEMS CORP. d/b/a Debt Credit Services ("Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt, and this conduct caused Plaintiff damages. Plaintiff alleges the following:

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. The Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent action to protect consumers against debt collection abuses. Additionally, the Colorado Legislature enacted the Colorado Fair Debt Collection Practices Act, C.R.S. § 12-14-101 et seq., to further protect consumers in Colorado.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. Unless otherwise stated, all the conduct engaged in by Defendant took place in Colorado.

4. Any violation by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

5. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant named.

## JURISDICTION AND VENUE

6. Venue is proper because Plaintiff is a resident of Adams County, Colorado, and Defendant is subject to personal jurisdiction in Colorado as it conducts business there, and Defendant's conduct giving rise to this action occurred in Colorado.

## PARTIES

7. Plaintiff is a natural person who resides in Adams County, Colorado, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and C.R.S. § 12-14-103(4).

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a debt collector doing business in Colorado, whose primary address is in Akron, Ohio.

10. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in "debt collection" and is therefore a "debt collector" as the terms are defined by 15 U.S.C. §1692a(6) and C.R.S. § 12-14-103(7).

## GENERAL ALLEGATIONS

11. Prior to January 2017, Plaintiff allegedly incurred a debt to Cleveland Public Power. This debt was money, property, or their equivalent, which is due or owing, or alleged to be due or owing, primarily for personal, family, or household purposes and not for business, investment, commercial or agricultural purposes. Therefore, this alleged debt was a "debt" as the term is defined by 15 U.S.C. §1692(a)(5) and C.R.S. § 12-14-103(6).

12. Subsequently, the alleged debt was assigned, sold, or otherwise transferred to Defendant, a collection agency.

13. In this regard, Defendant sent Plaintiff a written communication dated January 13, 2017.

14. Said written communication sought to collect the alleged debt from Plaintiff.

## DEFENDANT FAILED TO COMPLY WITH COLORADO DISCLOSURE REQUIREMENTS

15. Defendant's January 13, 2017 written communication failed to include required notices regarding the Colorado Fair Debt Collection Practices Act pursuant to C.R.S. § 12-14-105(3)(c).

16. The purpose of this section is to ensure that consumers are made aware of their rights with respect to debt collection activities.

17. The omission of this language explicitly required by the Colorado Legislature is likely to mislead the least sophisticated consumer in violation of C.R.S. § 12-14-105(3)(c).

18. Through this conduct, Defendant violated 15 U.S.C. § 1692e; and, C.R.S. § 12-14-107(1) by using false, deceptive and misleading representations in connection with the collection of the alleged debt.

## DEFENDANT DECEPTIVELY MISREPRESENTED ITSELF IN COLLECTING THE ALLEGED DEBT

19. In the letter to Plaintiff, Defendant merely identified itself as "D.C.S." in Defendant's January 13, 2017 collection letter.

20. However, Defendant has not registered D.C.S. as a trade name, and Defendant's true name is Collection Management Systems Corp.

21. By concealing its true identity, Defendant made it more difficult for the least sophisticated consumer to gather information in order to determine the validity of this debt.

22. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10); and, C.R.S. § 12-14-107(1)(k) by using false representations and deceptive means to collect the alleged debt.

23. Defendant also violated 15 U.S.C. § 1692e(14); and, C.R.S. § 12-14-107(1)(o) by using a business name other than the Defendant's true name.

## DEFENDANT ATTEMPTED TO COLLECT DEBTS BARRED BY THE STATUTE OF LIMITATIONS

24. The alleged debt was allegedly incurred more than ten years ago.

25. However, Defendant states in its letter that it "may report information about [Plaintiff's] account to credit bureaus."

26. Defendant continues to report the alleged debt on Plaintff's TransUnion credit report with a balance of $356 and a status of "in collection."

27. Defendant's reporting attempts to re-age the debt and deceptively represents the status of the debt because the alleged debt is barred by the statute of limitations.

28. Through this conduct, Defendant was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

29. Defendant also made a false representation concerning the character, amount, or legal status of a debt by representing that the debt could legally be collected, which also violated 15 U.S.C. § 1692e(2)(A)..

**DEFENDANT ATTEMPTED TO COLLECT A DEBT WITHOUT A COLLECTION AGENCY LICENSE**

30. Any person acting as a "collection agency," as that term is defined in C.R.S. § 12-14-103(2), must have a valid license issued by the State of Colorado under C.R.S. § 12-14-118.

31. On January 13, 2017, Defendant did not have a valid or current collection agency license, nor has it been registered in the State of Colorado as a corporation or to collect debts in Colorado.

32. Through this conduct, Defendant violated 15 U.S.C. § 1692f(1); C.R.S. § 12-14-108(1)(a) by using unfair and unconscionable means to collect the alleged debt because Defendant was not permitted by law to collect the alleged debt.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 ET SEQ. (FDCPA)**

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq.

35. As a result of each and every violation of the FDCPA, Plaintiff is entitled to statutory damages of $1,000 pursuant to 15 U.S.C. §1692k(a)(2)(A); actual damages pursuant to 15 U.S.C. §1692k(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT**
**C.R.S. § 12-14-101 ET SEQ. (CFDCPA)**

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions constitute numerous and multiple violations of the CFDCPA, including but not limited to each and every one of the above-cited provisions of the CFDCPA, C.R.S. §12-14-101 et seq.

38. As a result of each and every violation of the CFDCPA, Plaintiff is entitled to actual damages pursuant to C.R.S. §12-14-113(1)(a); statutory damages of up to $1,000 pursuant to C.R.S. §12-14-113(1)(b)(I); and reasonable attorney's fees and costs pursuant to C.R.S. §12-14-113(1)(c) from Defendant.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

- an award of statutory damages of $1,000.00 to Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(2)(A) or C.R.S. § 12-14-113(1)(b), against Defendant;

- an award of actual damages to Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(1) or C.R.S. § 12-14-113(1)(a), against Defendant;

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1692k(a)(3) or C.R.S. § 12-14-113(1)(c), against Defendant; and

- any other relief the Court may deem just and proper.

### TRIAL BY JURY

39. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: March 27, 2017

    Respectfully submitted,

    By: /s/ Sarah T. McEahern
    Sarah T. McEahern, Esq.
    Joshua B. Swigart, Esq.
    HYDE & SWIGART
    1525 Josephine St.
    Denver, CO 80206
    Telephone: (303) 731-5493
    FAX: (800) 635-6425
    Email: sm@westcoastlitigation.com
          josh@westcoastlitigation.com

    Matthew M. Loker, Esq.
    KAZEROUNI LAW GROUP, APC
    1303 East Grand Avenue
    Arroyo Grande, CA 93420
    Telephone: (805) 335-8455
    FAX: (800) 520-5523
    Email: ml@kazlg.com

    *Attorneys for Alexzander Grodney*